ALEXANDER M. LOWRY, APPELLANT, v. THE LANCA-SHIRE INSURANCE COMPANY, RESPONDENT.

32  329
7ap594
8ap359
32  329
13ap525
32  329
24ap246

*Policy of fire insurance — condition that no requirement can be waived except by a written indorsement — when the service of proof of loss may be waived by verbal agreement.*

A policy of insurance against fire provided, among other things, that " the use of general terms, or anything less than a distinct specific agreement clearly expressed and indorsed on this policy, shall not be construed as a waiver of any printed or written condition or restriction therein." It also contained the usual clause requiring proofs of loss to be given and a verified account to be rendered. No proofs of loss were ever sworn to or rendered by the party assured, but evidence was given tending to show that his failure to make and serve them was caused by the statement and acts of one McCurdy, an agent of the company, and that McCurdy had authority to waive the presentment of formal proofs of loss, and intended to waive them in this case.

*Held,* that, notwithstanding the restrictive clause, the service of proofs of loss might be waived by parol, and that it should have been left to the jury to say whether or not such waiver had been made in this case.

APPEAL from a judgment, entered in Chautauqua county, upon a nonsuit granted at the circuit.

The action was brought by an assignee of one Jackson, who had sustained a loss by fire, which was covered by a policy issued by the defendant. The nonsuit was put upon the ground " that there was not furnished any proof of loss, and that there was no waiver, and by the terms of the policy the agents of the company are not permitted to make any waiver unless indorsed on the policy." The property burned consisted of a stock of goods worth $1,000 or more.

The policy contained the following clause, viz.: " The use of general terms or anything less than a distinct specific agreement, clearly expressed and indorsed on this policy, shall not be construed as a waiver of any printed or written condition or restriction therein."

The ninth clause is the one contained in all policies, that in case of loss or damage, policyholders shall immediately give notice of said loss, and within thirty days render a particular account thereof, signed and sworn to.

Proof was given that one McCurdy was the agent and adjuster of the defendant, and that he had acted in that capacity in the settlement of a prior loss sustained by Jackson on the insured property, and that he called upon Jackson soon after the fire, which occurred the 29th of September, 1879, and stated that " he had authority to settle with him himself, and that they could arrange it before morning ; that he had come to adjust the loss ; that before he had nothing to do with paying any money, but in this instance he was to settle the loss." Bills were obtained and figures made of purchases of the goods insured so far as obtainable. McCurdy offered $800 to settle the loss, and Jackson declined it and wanted $1,000. The assured told the agent " that he did not do as he did before ; that before he went before a notary public and made oath to it." To this the agent replied, " in this case it was not necessary, he was here to adjust and pay this loss."

The assured says McCurdy asked him " if I would be willing to swear to the paper which he had drawn up, and I told him I would. I asked him at that time why I did not do as I did before, go before a notary public ; he said it was not necessary, as before he had nothing to do with paying the loss." As Ford, a witness, puts it, " Jackson asked McCurdy, or told him that before he had to swear to his proofs of loss, and McCurdy said * * * that it was not necessary for him to swear to it now ; and afterwards McCurdy asked Jackson if he would be willing to swear to this, and he told him he would be willing to swear to the inventory as it was taken then." The negotiations for adjustment and settlement were about ten days after the fire. Horton, the local agent, was at the fire and thus the company had immediate notice of it.

*C. Hazeltine* and *H. R. Lewis,* for the appellant.

*Satterlee & Yeoman,* for the respondent.

HARDIN, J. :

Whether the agent waived the service of formal proofs of loss upon the company or not, was a question of fact which should have

been submitted to the jury. (*Underwood* v. *The F. J. S. Ins. Co.,* 57 N. Y., 500; *Goodwin* v. *Mass. Mut. Life Ins. Co.,* 73 id., 480, 494; Wood on Ins., §§ 416, 417.) There was evidence from which the jury might have found that McCurdy was a general agent of the company, clothed with power to settle the loss, and to accept such proofs of loss as were presented to him in the investigation made when he held the negotiations with the assured. (*Titus* v. *Glens Falls Ins. Co.,* 81 N. Y., 411.) The restriction in the sixth clause of the policy was like the restriction found in the policy in *Steen* v. *The Niagara Insurance Company* (89 N. Y., 326). In respect to that DANFORTH, J., says: In that case a waiver might be made by the company " by oral consent as well as by writing, and the general agent, unless specially restricted, could do the same."

It has been held, in cases where the policies contained more stringent limitations of the power of agents in respect to waiver of conditions than the one before us, that after loss has happened conditions in the policy, with respect to preliminary proofs, may be waived by parol, though the policy contain a stipulation that no waiver shall take place except in writing, signed by the president or secretary of the company. (*Franklin Fire Ins. Co.* v. *Chicago Ice Co.,* 36 Md., 102 [11 Am., 469]; *Blake* v. *Exchange Ins. Co.,* 12 Gray, 265; *Priest* v. *Citizens' Ins. Co.,* 3 Allen, 602.)

In *Franklin Fire Insurance Company* v. *Chicago Insurance Company* (*supra*), the Court of Appeals, of Maryland, in considering language like that framed in the policy before us, said: We are satisfied that it has no reference to the requirements with regard to the preliminary *proofs of loss* found in the condition of the policy; and that it *was not contemplated* with respect to them, that no defect or omission could be waived by the company without a written agreement to that effect indorsed upon the policy. (11 Am., 477.) Because there was evidence which would have warranted the jury in finding that McCurdy had authority to waive the presentment of formal proofs of loss, and that he intended to waive and did so waive proofs of loss, and thereby induced the assured to omit to make and serve more formal proofs than such as McCurdy did obtain from him, we think the learned trial judge was in error when he granted a nonsuit, and refused to submit the case to the jury. (*Marvin* v. *The Universal Life Ins. Co.,* 85

N. Y., 283; *Whited* v. *The G. Ins. Co.*, 13 Hun, 191; *Marcus* v. *St. Louis M. L. Ins. Co.*, 68 N. Y., 625.)

Judgment reversed, and a new trial ordered, with costs to abide the event.

SMITH, P. J., and BARKER, J., concurred.

So ordered.