ISAAC GOLDWATER, PLAINTIFF, *v.* THE LIVERPOOL AND LONDON AND GLOBE INSURANCE COMPANY, DEFENDANT.

*Agent of foreign insurance company — power of, to waive conditions in a policy — when notice and consent amount to a waiver.*

In an action brought to recover upon a policy of insurance, the defendant claimed that the policy had, by reason of other insurance having been obtained upon the property without the consent of the defendant being indorsed upon the policy in question, become void under a clause contained therein, which provided that "if the assured shall have or shall hereafter make any other insurance on the property, without the consent of the company written thereon, then the policy shall be void." The plaintiff sought to show a waiver of this condition by proving that notice of the other insurance had been given to the defendant's agent, who had consented thereto. The defendant, a foreign corporation having its principal office in Liverpool, had appointed one Norton, its agent, to receive proposals for insurance, and to countersign, issue and renew policies, to fix the rate of and receive the premiums to be paid and to grant permits to persons assured, authorizing additional insurance on the property covered by the policies issued by the defendant. It was not shown that the company had placed any limitation whatever on Norton's powers, either written or oral, although a clause of the written appointment under which he acted, provided that he should be "subject to such rules and regulations as are or may be adopted by said company, and such instructions as may from time to time be given by the officers of the company."

*Held,* that the agent had power to consent to the increase in the amount of the insurance, and to waive the condition requiring such consent to be indorsed upon the policy.

That a provision in the policy that "the use of general terms or anything less than a distinct specific agreement clearly expressed and indorsed on this policy shall not be construed as a waiver of any printed or written condition or restriction therein," was not a limitation as to the particular manner in which the agent should exercise the powers confided to him.

MOTION by the plaintiff to set aside a verdict of no cause of action, rendered at the Monroe Circuit by direction of the trial judge. The plaintiff took an exception at the trial and the same was ordered to be heard at the General Term in the first instance.

On the 2d day of July, 1883, the defendant issued to the plaintiff its policy, covering his stock of merchandise in the sum of $1,500, for one year. On the third of May following the premises were destroyed by fire, and this action was brought to recover the

loss sustained. Subsequent to the issuing of the policy above mentioned, and in October of the same year, the plaintiff procured from another company a further insurance in the sum of $1,000 on the same property. It was admitted that the plaintiff's total loss exceeded $2,500. The only defense interposed was that the subsequent insurance was procured without the defendant's consent, and for that reason the policy was void by the terms and conditions therein expressed.

*William Nathaniel Coggswell,* for the plaintiff.

*Satterlee & Yeoman,* for the defendant.

BARKER, J.:

The policy contains this condition: " If the assured shall have, or shall hereafter make, any other insurance on the property hereby insured, or any part thereof, without the consent of the company written thereon, then the policy shall be void." No indorsement in writing, consenting to the subsequent insurance, was ever indorsed upon the policy. It was, therefore, incumbent upon the plaintiff to prove that the company did, in fact, give its consent permitting the plaintiff to make the additional insurance, and waived the provision in the policy requiring such consent to be indorsed thereon. On proving such facts, his right of action would have been complete. He now claims that the evidence produced upon the trial fairly tended to prove both of these essential facts, and a case was made for the consideration of the jury. The defendant is a foreign corporation, created by and under the laws of Great Britain, with its home offices located in London and Liverpool. It transacts in this State a large amount of business, receiving applications for insurance and selling its policies through its established agencies. It appointed William D. Norton, of Phelps, Ontario county, its duly authorized agent to receive proposals for insurance in that village and its vicinity, and to receive premiums, and to countersign, issue and renew policies. The company placed in his hands blank policies, signed by its executive officers, which he filled up with the terms of the application, and then countersigned and delivered the same to the applicant, and in this manner completing contracts of insurance. He was authorized

to and did fix the premiums to be paid in each instance, and remitted them to the company; issued renewal certificates, and did, on many occasions, grant permits to the assured authorizing additional insurance on the property embraced in the company's policies, and indorsed such consent thereon in writing.

The powers of an agent of a foreign corporation are *prima facie* coextensive with the duties and business committed to his care and management, and are not narrowed or limited by the instructions issued to him by his principal, and not communicated to those who deal with such agent. Whatever the company can lawfully do itself through the agency of its executive officers at its home office, can, in general, be done by the agent who represents it in the place where the contract was made, relative to the business of which he is the superintendent. (*Insurance Co.* v. *Wilkinson*, 13 Wall., 222; *Pechner* v. *Phœnix Ins. Co.*, 65 N. Y., 195; *Walsh* v. *Hartford Ins. Co.*, 73 id., 5; *Kuney* v. *Ins. Co.*, 36 Hun, 66.)

The case does not disclose that the company placed any limitation whatever on Norton's powers. I have searched the record in vain for any provision or direction on the subject. His written appointment was given in evidence by the defendant, the concluding clause of which is as follows: "Subject to such rules and regulations as are or may be adopted by said company, and such instructions as may from time to time be given by the officers of the company." The sentence quoted does not contain any words of limitation, and does not of itself place any restraint on the powers of the agent. (*Walsh* v. *Hart. Ins. Co.*, *supra; Pechner* v. *Phœnix Ins. Co.*, *supra*) The defendant's counsel cites the first of these cases as an authority in support of his argument, that Norton could not give a valid consent for the subsequent insurance, unless the same was indorsed on the policy. It will be observed that in that case there was an express provision written in the body of the policy, in the form of a mutual covenant, that no agent or representative of the company should waive any of the terms and conditions of the policy, unless the same was indorsed on the policy in writing, and the words used were these: "It is further expressly covenanted by the parties hereto that no officer, agent or representative of this company shall be held to have waived any of the terms and conditions of the policy, unless such waiver shall be

indorsed hereon in writing. This policy is made and accepted upon the above express conditions." This provision was held by the court to be a restriction placed on the agent as to the mode and manner in which he should exercise the power conferred upon him, of which the assured had due notice, and that the agent would not waive a condition of the policy by an oral consent. As the opinion of the court refutes the defendant's position and sustains the plaintiff's contention, we extract the following therefrom : " That the agent was authorized to consent to the vacancy by a written indorsement on the policy is clearly implied from the language of the condition, and if the mode in which his consent should be manifested had not been specified, or if no provision upon the subject had been contained in the policy, we do not doubt that Carpenter (the agent) could have consented either orally or in writing, and that his consent in either mode would have bound the company. He was the general agent of the company in the locality where he resided, to make contracts of insurance in its behalf, and was vested with large discretionary powers. The power of such an agent must, in the absence of special restrictions, be deemed to include the power to modify contracts made by him, dispense with conditions, and do such acts from time to time as are necessary to prevent a forfeiture of policies as a consequence of changes in the ownership, situation or occupation of the insured property. * * * The company could itself dispense with this condition by oral consent as well as by writing (*Trustees* v. *Brooklyn Fire Ins. Co.*, 19 N. Y., 305), and Carpenter, unless specially restricted, would have possessed in this respect the power of the principal."

In that case the defendant was a foreign corporation and the contract of insurance was made in this State. In the policy here the provision is that the consent of the company to further insurance shall be expressed in writing indorsed on the policy. This was not intended to be a special limitation on its agents representing the company in foreign States as to the manner in which they should exercise the powers vested in them by their appointment. It was a provision of the contract reserved to the company for its own protection, which the company could at any time waive or dispense with in the same manner as it could any other provision inserted for its benefit, through the powers which it might confer upon its general agents.

Our attention is called to another provision of the policy as bearing upon the question as to the manner in which the agents of the company should exercise the powers conferred upon them, and is as follows : " The use of general terms or anything less than a distinct specific agreement, clearly expressed and indorsed on this policy, shall not be construed as a waiver of any printed or written condition or restriction therein." We are clearly of the opinion that this clause of the contract does not have the effect claimed for it, and is not a special instruction or limitation as to the particular manner in which an agent shall exercise the powers confided to him. It is simply one of the general provisions of the agreement, and applies to all the conditions and stipulations which may be found in the contract. (*Steen* v. *Niagara Fire Ins. Co.*, 89 N. Y., 315.)

Regarding the condition upon which the defense is based simply as one of the terms of the contract, and not as a limitation upon the powers of the agent, it is unreasonable to argue that the company could not waive its observance by an oral arrangement with the assured. It was inserted in the policy for its own protection, and it could voluntarily yield its observance. We refer to *Pechner* v. *The Phœnix Insurance Company* (*supra*) for a full discussion of the question.

But the defendant also contends, if it shall be held as a matter of law, that the agent could give a valid and binding oral consent, then, as a matter of fact, no such consent was given and the evidence did not fairly tend to prove it. We are of the opinion from the evidence on this subject as presented by the plaintiff, together with the circumstances of the case, the jury would have been warranted in reaching the conclusion that within one week after the subsequent policy was obtained by the plaintiff the defendant's agent was informed of that fact, and that he did immediately and unhesitatingly approve of the plaintiff's action, and that the latter relied upon his remarks and expressions as an approval of his action in that respect.

The evidence also tends to prove that subsequent to this occasion the plaintiff presented to Norton, the agent, the policy, and he then inspected and recognized the same as a contract still in force and binding on the defendant, and in answer to an inquiry made by the plaintiff expressed the opinion that a certain class of property was

not covered by the same. Norton was a witness for the defendant and disputed the plaintiff's evidence and the facts and circumstances upon which he relied to establish the oral consent, but it was for the jury to pass upon the question of credibility presented by this conflict of evidence.

We are persuaded that the learned judge who presided at the trial did not place his ruling, directing a verdict for the defendant, upon the ground that the evidence was not sufficient to justify a finding by the jury that an oral consent was given by the agent for the subsequent insurance.

The motion to set aside the verdict and for a new trial granted, with costs to abide the event.

SMITH, P. J., HAIGHT and BRADLEY, JJ., concurred.

Motion for new trial granted, with costs to abide the event.