FRANCES E. COOPER, Respondent, *v.* THE UNITED STATES MUTUAL BENEFIT ASSOCIATION, Appellant.

Defendant issued a certificate of insurance by which it undertook to insure C. against personal bodily injury; in case death resulted from such injuries within ninety days, defendant agreed to pay plaintiff, the wife of C., $5,000. The certificate provided that no suit should be brought to recover "any sum under this insurance unless the same is commenced within one year from the time of the alleged accidental injury." C. received an injury December 10, 1887, which resulted in his death January 2, 1888. This action was commenced December 29, 1888. *Held*, that, so far as plaintiff was concerned, the action was to be commenced within one year after the injury to her, which was the death of her husband, and the action having been commenced within a year therefrom, this action could be maintained.

*King* v. *Watertown F. Ins. Co.* (47 Hun, 1), distinguished.

Reported below, 57 Hun, 407.

(Argued March 16, 1892; decided April 19, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made July 18, 1890, which affirmed a judgment in favor of plaintiff entered upon a verdict, and also affirmed an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William Bro Smith* for appellant. This action was not brought " within one year from the time of the alleged accidental injury," as required in the contract made by the parties, and, therefore, as it is not pretended or claimed that appellant did or omitted anything upon which a waiver of this condition could be predicated, the judgment appealed from cannot be sustained. (*King* v. *W. F. Ins. Co.*, 47 Hun, 1; *Wilkinson* v. *F. N. F. Ins. Co.*, 72 N. Y. 499; *Steen* v. *N. F. Ins. Co.*, 89 id. 315; *Fullam* v. *N. Y. U. Ins. Co.*, 7 Gray, 61; *Shroeder* v. *K. Ins. Co.*, 2 Phila. 286; *H. Ins. Co.* v. *Hocking*, 18 Atl. Rep. 614; *Steel* v. *P. Ins. Co.*, 47 Fed. Rep. 863; *Muse* v. *L. A. Co.*, 108 N. C. 240; *Thompson* v. *P. Ins. Co.*, 25 Fed. Rep. 296; *Griggsby* v. *G. Ins. Co.*, 40 Mo. App. 276; *Meesman* v. *S. Ins. Co.*, 27 Pac. Rep. 77; *Tuttle* v. *T. Ins. Co.*, 134 Mass. 175; *Riddlesbarger* v. *H. Ins. Co.*, 7 Wall. 386; *Spare* v. *Ins. Co.*, 9 Sawy. 145; 11 id. 279.)

*Lewis E. Carr* for respondent. As the instrument emanated from the obligor, and the obligee had no voice in its preparation, its terms are to be construed most strongly against the obligor, and all doubts are to be solved in favor of the one in whose favor the promises were made, and against the one by whom the instrument was prepared. (*Mayor, etc.,* v. *H. F. Ins. Co.*, 39 N. Y. 42, 46; *Hay* v. *S. F. Ins. Co.*, 77 id. 235, 241; *Hoffman* v. *Æ. F. Ins. Co.*, 32 id. 405, 413, 414; *Steen* v. *N. F. Ins. Co.*, 89 id. 315, 324; *Paul* v. *T. Ins. Co.*, 112 id. 472, 479; *Kratzenstein* v. *W. A. Co.*, 116 id. 54, 59.) All parts of the instrument are to be taken together and such construction given as will make all of its parts and terms harmonious and consistent. (Broom's Leg. Max. 657; *Allen* v.

*S. L. Ins. Co.*, 85 N. Y. 473.)   The action is to recover the amount agreed to be paid for a death resulting from the causes, and within the time limited in the certificate.   The time therein limited for commencing actions does not bar an action for a death claim commenced within a year from the death, although more than a year from the injury.  (*Ames* v. *U. F. Ins. Co.*, 14 N. Y. 253, 264, 265 ; *Hay* v. *S. F. Ins. Co.*, 77 id. 235, 242, 243; *Mayor, etc.,* v. *H. F. Ins. Co.*, 39 id. 45, 47 ; *Steen* v. *N. F. Ins. Co.*, 89 id. 313 ; *King* v. *W. Ins. Co.*, 47 Hun, 1 ; *Holly* v. *M. L. Ins. Co.*, 105 N. Y. 437; *Dennis* v. *M. B. Assn.*, 120 id. 496.)   The limitation clause does not apply to a death claim.  (*Mallory* v. *T. Ins. Co.*, 47 N. Y. 52 ; *Paul* v. *T. Ins. Co.*, 112 id. 472 ; *Dennis* v. *M. B. Assn.*, 120 id. 496, 506 ; *Vil. of Port Jervis* v. *F. N. Bank*, 96 id. 550, 560 ; *Ormes* v. *Dauchy*, 82 id. 443.)

HAIGHT, J.   This action was brought upon a certificate of insurance, issued by the defendant, to recover five thousand dollars.

The defendant, by its certificate, undertook to insure Theodore H. Cooper against personal bodily injury, and in case he should receive such injuries disabling him from transacting business pertaining to his occupation to pay him certain amounts specifically named in the certificate, dependent upon the nature of his injuries, and in case death should result from such injuries within ninety days to pay to the plaintiff, as his wife, the sum of five thousand dollars.

The certificate contained the following :

" No suit or proceeding at law or in equity shall be brought * * * to recover any sum under this insurance unless the same is commenced within one year from the time of the alleged accidental injury."

Cooper received an accidental bodily injury on December 10, 1887, which resulted in his death on January 2, 1888.

This action was commenced on December 29, 1888, more than one year after the accident, but within one year of his death.

It is claimed that the action was not commenced within the time required by the provision of the certificate referred to.

It will be observed that provisions are made in the certificate for two different persons who, upon the happening of the events specified, may have a right of action against the association. One provision is in favor of Cooper, who may recover during his life-time the amounts provided for his disability resulting from the accidental injury received. The other is to his wife, which is for the injuries which she suffers by reason of his death resulting from such accident.

The accident received by Cooper did not injure the plaintiff or give her a right of action until death ensued. So far as she is concerned the infliction of the wound is but the beginning, and the death is the completion of the injury. Her suit must be " commenced within one year from the time of the alleged accidental injury." In other words, within one year from the time of the injury to her, which was the death of her husband, as the result of the accident.

As to Cooper, he suffered from the date of the wound. His right to indemnity dates from that event, and it is possible that his right to maintain an action would not continue after the expiration of a year from that date.

But as to the plaintiff, it appears to us that the construction already indicated was intended, and should be given to the certificate. As thus construed the various clauses of the contract are rendered harmonious, and the different beneficiaries thereunder are given the same period of limitation. within which to bring actions to establish their claims.

This construction is, in a measure, sustained by the authorities.

In the case of *Steen* v. *Niagara Fire Insurance Company* (89 N. Y. 315), the policy of insurance required actions to be brought within twelve months next after the "loss or damage shall accrue." In an action upon the policy it was held that the period of limitation prescribed did not commence to run until the loss became due and payable and the right to bring an action had accrued.

And to the same effect are the cases of *Mayor, etc.,* v. *Hamilton Fire Insurance Company* (39 N. Y. 45) and *Hay* v. *Star Fire Insurance Company* (77 id. 235).

The case of *King* v. *Watertown Fire Insurance Company* (47 Hun, 1) appears to us to be clearly distinguishable. In that case the policy provided that no suit or action could be maintained unless commenced " within twelve months next after the fire shall have occurred." In that case it was held that the year within which the action must be brought commenced to run from the date on which the fire occurred, it so having been expressly stipulated in the policy.

We consequently are of the opinion that the judgment should be affirmed, with costs.

All concur, except VANN, J., not sitting.

Judgment affirmed.