ALIDA M. SAVERY, Plaintiff, v. THE COMMERCIAL TRAVELERS MUTUAL ACCIDENT ASSOCIATION OF AMERICA, Defendant.

Supreme Court, Oneida County, July 29, 1932.

*Lee, Brennan & Bastow*, for the plaintiff.

*Fuller, Brown & Hubbard*, for the defendant.

SMITH, E. N., J. The motion by the defendant for summary judgment dismissing the complaint upon the pleadings is upon

the ground that it appears upon the face of the complaint that the action was not commenced within the period of limitation provided in a contract or certificate of insurance against accidents.

On the 22d of November, 1922, the defendant issued to Thomas H. Savery, Jr., an accident insurance policy or certificate in which the plaintiff, the wife of said Savery, was named as beneficiary in case of accident resulting in the loss of life of the insured. On the 15th of December, 1930, Mr. Savery suffered an injury from which on the 30th of December, 1930, he died, under circumstances which made the defendant liable to the plaintiff in the sum of $10,000. The defendant seeks to evade this liability by the contention that the action to recover the damage was not brought within the time limited in the certificate.

The certificate contains two sections in reference to benefits: one, section A, which is a coverage against loss of life, limb and sight; the other, section B, which is a coverage against loss of time. With section B we are not concerned. Under section A are the provisions that the benefits therein provided for will be paid, " provided that such loss [*i. e.*, loss of life, arms, legs or sight] occurs within ninety days after the accident *which caused it*," and that " Payment of Benefits provided by Section A will be made within sixty days after receipt of due proofs." The certificate contains certain conditions; those so far as pertinent here are: Condition No. 7, that " Affirmative proof of loss must be furnished to the Association at its said office * * * in case of claim for loss under Section A within ninety days after the date of such loss," and Condition No. 8, that " 8. No action at law or in equity shall be brought to recover on this certificate *prior to the expiration of sixty days* after proof of loss has been filed in accordance with the requirements of this certificate, nor shall such action be brought at all, for loss of life, limb or sight, unless commenced *within twelve months* from the date of the *accident causing such loss,* * * *."

The insured was injured December 15, 1930, and died as a result of such injuries December 30, 1930. The action was commenced December 30, 1931. The defendant contends that the time within which the action should have been brought expired December 15, 1931; the plaintiff contends that the provision of limitation did not commence to run until the date of the death, December 30, 1930, or the date of the loss.

Attention has been called to no decision in this State upon the issue involved herein. In approaching the consideration of questions of this type there are two governing principles: (1) That the law hates a forfeiture, and (2) that where the contract, as in this case, is prepared wholly by one of the parties ambiguities or doubtful

provisions should be construed most strongly against the party preparing the contract.

There is a provision in this certificate which is not involved herein, excepting as it may aid in interpretation. I refer to the provision that no liability under section A shall accrue unless the loss occurs within ninety days after the accident *which caused it.* This borders upon a contravention of public policy, in that it might affect conduct of those wLose duty it might be to save life or limb or sight. Again, suppose the insured died or lost his leg on the ninetieth day, and that affirmative proof of loss was furnished *within ninety days after the date of such loss,* and the company took sixty days after proof of loss before making payment, it is obvious that two hundred and forty days of the year would have been consumed before a party would be in a position to bring any action. There would of course be a considerable period of negotiation, which would take time. So, especially where the claimant resided a distance away, well nigh a year might elapse before a claimant would be in a position to commence an action. Does the period of limitation of right to bring action commence to run from the end of the sixty-day period during which such right is prohibited by the provisions of the certificate? That question is not here.

In the case of *Cooper* v. *United States Mutual Benefit Assn.* (132 N. Y. 334) the certificate of insurance provided that an action must be " commenced within one year from the time of the alleged accidental injury." It was held that the year was computed from the date of the death and not from the date of the accident. The court said: " As to Cooper, he suffered from the date of the wound. His right to indemnity dates from that event, and it is possible that his right to maintain an action would not continue after the expiration of a year from that date.

" But as to the plaintiff, it appears to us that the construction already indicated was intended, and should be given to the certificate."

The court further called attention to the fact, in reference to fire insurance policies, where the policy provides that action should be brought within twelve months next after the " loss or damage shall occur " the period of limitation prescribed does not commence to run until the loss becomes due and payable and the right to bring an action has accrued.

In the *Cooper* case the language of the certificate was " within one year from the time of the alleged *accidental injury."* In the instant case the language is " within twelve months from the date of the *accident causing such loss,* * * *." These words, " causing such loss," must be given a meaning; otherwise, they are

tautological. If these words were not in this certificate, or if there had been used the words, " which caused it," which appear in the proviso under section A as to the time in which the loss must occur if there would be a recovery, there might have been less ambiguity. The loss to this plaintiff did not occur until the death. The loss to her was what ripened into a cause of action, and where the company put in these words, " *accident causing such loss*," they were not words of characterization but they were words identifying *the accident* with the *loss*. There was no accident giving to this plaintiff any beneficial interest until the death; there was an injury to the decedent, but there was no " *accident causing such loss* " to her until the death occurred.

The *Cooper Case* (*supra*), while not " on all fours," is an authority bearing upon the interpretation of the contract herein.

Attention has been called by the defendant to the case of *King* v. *Watertown Fire Insurance Co.* (47 Hun, 1), where the policy provided that no action could be maintained unless commenced " within twelve months next after the fire shall have occurred." It was there held that the period of limitation started to run at the date of the fire. That was the date on which the loss occurred. But in cases of death by accident the loss more often does not occur until a period after the accident itself. As to this plaintiff, there was no accident causing a loss until the death occurred.

There is no purpose here to go further than to hold in respect of the language of this certificate, but attention is called to the case of *Allibone* v. *Fidelity & C. Co.* ([Tex. Civ. App.] 32 S. W. 569), in which case the accident insurance certificate contained a provision that legal proceedings for recovery on the certificate must be instituted within one year from the time of the accident. In that case the insurance company was given ninety days from the time proofs of death were furnished in which to make payment. The court held that the year did not commence to run from the date of the accident, or from the date of the death, but from the expiration of ninety days after furnishing proofs of death, during which period legal proceedings were prohibited.

For the foregoing reasons I am of the opinion that in the instant case the limitation period did not commence to run until the date of the death.

The motion for summary judgment dismissing the complaint is denied, with ten dollars costs of motion.

Ordered accordingly.