Shientag, J.
This action was brought on standard fire insurance policies to which were attached extended coverage indorsements, including loss or damage caused by windstorm. The claim was that the property was damaged as the result of a hurricane on September 12, 1944. The defense set up with which we are concerned, and the sufficiency of which is the sole question raised on appeal, is that the provision of the policy of insurance that suit be commenced within twelve months next • after “ the inception of the loss ” was not complied with in that the summons and complaint were served after October 6, 1945, or more than twelve months after the claimed “ inception ” of the loss.
The policies were written in conformity with section 168 of the Insurance Law, which expressly provides for a standard fire insurance policy of the State of New York in the form set forth in -subdivision 6. It is specifically provided in subdivision 2 of section 168 that: “ No policy or contract of fire insurance shall be made, issued or delivered by any insurer or by any agent or representative thereof, on any property in this state, unless it shall conform as to all provisions, stipulations, agreements and conditions, with such form of policy.”
Section 168 also provides for “ Appropriate forms of supplemental contract or contracts or extended coverage endorsements whereby the interest in the property described in such policy shall be insured against one or more of the perils which *697 the insurer is empowered to assume, in addition to the perils covered by said standard fire insurance policy * * (Subd. 5.)
Prior to July 1, 1943, the standard fire insurance policy provided that no suit or action on the policy should be maintained, among other things, 88 unless commenced within twelve months next after the fire.” This clause was interpreted to mean that it was not necessary to bring an action within twelve months after any other type of casualty, for instance, damage by lightning (Forman v. Home Ins. Co., New York, 174 Misc. 478; Fantozzi v. Security Mut. Fire Ins. Co., 247 App. Div. 686). After these decisions, the suit clause in the standard policy was changed in 1943 to provide that no suit could be maintained 88 unless commenced within twelve months next after inception of the loss.” The extended coverage indorsements, such as the one here involved, specifically provide that they are 88 subject to the stipulations, limitations and conditions of the policy of fire insurance.”
The proofs of loss were sworn to on February 9th and submitted about February 13th to the four companies involved in this appeal. These claims were disapproved at various dates thereafter, none later than March 27, 1945. Bach policy in suit provides as to the requirements, in case loss occurs, for immediate notice, 88 and within sixty days after the loss, unless such time is extended in writing by this Company, the insured shall render to this Company a proof of loss, signed and sworn to by the insured * * *.”
Under the policy the loss is payable 68 sixty days after proof of loss, as herein provided, is received by this Company and ascertainment of the loss is made either by agreement between the insured and this Company expressed in writing or by the filing with this» Company of an award as herein provided:”
It is also provided, as above noted, that 88 no suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss.”
All policies now written necessarily include section 172 of the Insurance Law, as added in chapter 882 of the Laws of 1939, which provides in part that the failure of any person insured against loss or damage to property to furnish proofs of loss to the insurer as specified in such contracts shall not invalidate any claim 88 unless such insurer or insurers shall, after such loss or damage, give to such person insured a written *698 notice that it or they desire proofs of loss to be furnished by such person to such insurer or insurers and also a suitable blank form or forms for such proofs of loss. If the person insured shall furnish proofs of loss within sixty days after the receipt of such notice and such form or forms, or within any longer period of time specified in such notice, such person shall be deemed to have complied with the provisions of such contract of insurance relating to the time within which proofs of loss are required.” This section has for its purpose the protection of the insured from the consequences of his oversight or neglect in complying with one of the conditions precedent to a recovery under the policy, namely, his failure to file proofs of loss within sixty days after the loss or damage insured against. In this case the proofs of loss seem to have been submitted without a demand, but they were submitted more than sixty days after the occurrence of the casualty.
Our courts have always upheld a reasonably short period of limitation where such limitation period was provided for by statute or the contract of the parties. That is true with respect to the standard fire insurance policy which, in addition to its contract limitation, is effective as a statutory enactment.
The contention of the defendant insurers is that 11 the word ‘ inception ’ was undoubtedly included in the suit clause for the purpose of making it clear that suit was to be brought within twelve months of the inception of the casualty that gave rise to the loss, rather than within twelve months after claim was presented through service of proofs of loss.”
It has been settled law in this State for almost a century that where a policy provides that suit must be brought within a designated period after “ loss or damage ” occurs, that period is computed not from the time of the occurrence of the physical loss, the casualty or the event insured against, but from the time that liability accrues under the provisions of the policy (Ames v. New York Union Ins. Co., 14 N. Y. 253, 264; Hay v. Star Fire Ins. Co., 77 N. Y. 235; Steen v. Niagara Fire Ins. Co., 89 N. Y. 315). Admittedly, policies of insurance may spécify a period of limitations running from the occurrence of a casualty or event insured against. When this language is clear it is given effect (Gallin v. Allemannia Fire Ins. Co., 184 App. Div. 876, affd. 230 N. Y. 547; Savery v. Commercial Travelers Mut. Accident Assn., 238 App. Div. 189; see, also, 7 Couch’s Cyclopedia of Insurance Law [1930], §§ 1631, 1632; 83 A. L. E. 748 [limitations of actions against insurer]). Thus, limitations running from “ after the fire ” or “ after the fire *699 shall have occurred ” have, from early days, been construed to mean that the limitations are to commence from the date of the destructive event rather than from the date when liability under the policy accrues (Cooper v. United States Mut. Benefit Assn., 132 N. Y. 334, 338; Steen v. Niagara Fire Ins. Co., 89 N. Y. 315, 325, supra).
Likewise, where a policy provided that suit must be brought “ within twelve months after the calendar date of the happening of the physical loss or damage out of which the claim arose ”, it has been construed to mean that the claim must be filed within twelve months after the occurrence of the event insured against rather than twelve months after recovery may be had under the terms of the policy (Califano v. Citizens Ins. Co. of New Jersey, 163 Misc. 542).
In the 1943 standard fire insurance policy, the suit provision reads as follows: “ No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss.”
Do the words “ inception of the loss ” mean the date of the happening of the loss or damage out of which the claim arose? It is clear from the history of the limitation provisions in standard fire insurance policies that the use of the words “ inception of the loss ” was intended to refer to the occurrence of the event giving rise to the claim of liability and not to the accrual of liability. “ Inception of the loss ” was used in the 1943 standard fire insurance policy in the sense that ‘ ‘ after the fire ’ ’ was used in the standard fire insurance policy prior to 1943, except that it was to apply also to additional coverages by indorsements on the 1943 standard fire insurance policy.
But the intention of the draftsmen of the standard fire insurance policy form does not alone suffice unless words are used that fairly and reasonably, make that intention clear to the ordinary business man who purchases a policy of insurance. Although perhaps more apt .language could have been used, it must be borne in mind that extended coverage authorized by the statute might deal with a wide variety of types of insurance and that the draftsmen of the 1943 statutory form sought, by the language they employed, to have the period of limitation start from the occurrence of the casualty, the event or the situation, whatever it might be, that was insured against. We believe that the words “ inception of the loss ” convey that intention *700 with reasonable clarity. “ Inception ” means the beginning, the commencement, the origination. “ Inception of the loss ” is equivalent to the occurrence of the casualty or event insured against. We hold, therefore, that the suit, not having been commenced within twelve months after the “ inception of the loss,” that is, the occurrence of the casualty insured against, the claim is barred. The determination of the Appellate Term and the judgment of the Municipal Court should be accordingly reversed, with costs to the appellants in all courts, and judgment directed to be entered dismissing the complaint herein, with costs.
G-lennon, J. P., Cohn, Callahan and Van Voorhis, JJ., concur.
Determination of the Appellate Term and judgment of the Municipal Court unanimously reversed, with costs to the appellants in all courts, and judgment is directed to be entered herein dismissing the complaint, with costs. Settle order on notice.