Fuld, J.
The plaintiff’s beauty parlor was covered by standard fire insurance policies issued by the five defendant companies. The premises were partially destroyed by fire on November 26, 1962 but it was not until February 7, 1964 that he brought this action to recover damages caused by the blaze. He had filed proofs of loss in May of 1963, following the defendants’ demand, two months earlier, that he do so. The defendants moved, pursuant to CPLR 3211 (subd. [a], par. 5), to dismiss the complaint on the ground that suit had not been commenced, as prescribed by the policies, ‘ ‘ within twelve months next after inception of the loss ”. The Appellate Division, reversing the court at Special Term, granted the motion and the plaintiff appeals.
Each policy provides, as required by the Insurance Law, (1) that the insured must file a proof of loss, if he has not already done so, within 60 days after demand by the insurer (§ 172; see § 168, subd. 6, lines 97-100); (2) that the claim is “payable sixty days after [said] proof of loss * * * is received” (§ 168, subd. 6, lines 150-156); and (3) that “No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss” (§ 168, subd. 6, lines 157-161). Since the *243 insurer is allowed 60 days after receipt of proof of loss within which to satisfy a claim on the policy, no cause of action can accrue until at least that time has elapsed. However, by virtue of the time limitation clause, the insured must institute suit within 12 months after “inception of the loss”. Thus, the important question posed by this appeal—which we recently considered without, however, discussing it (Pomilla v. Great Amer. Ins. Co., 14 N Y 2d 567) —is whether the words quoted refer to the occurrence of the peril insured against or the accrual of the cause of action.
Many years ago, before there was the statutory standard fire policy, a similar problem of construction arose over an insurance provision that suit must be brought within a specified time “after the loss or damage shall have occurred.” The court held that the period of limitations was to be computed from the time the cause of action accrued rather than from the occurrence of the event insured against. (See, e.g., Steen v. Niagara Fire Ins. Co., 89 N. Y. 315, 323-324; Ames v. New York Union Ins. Co., 14 N. Y. 253, 264.) It was expressly noted, however, that an insurer might provide, if it did so clearly, that “ the time of the fire should be looked to as the event, from the happening of which the limitation should run ”. (Steen v. Niagara Fire Ins. Co., 89 N. Y. 315, 324, supra; see, also, Gallin v, Allemannia Fire Ins. Co., 230 N. Y. 547, affg. 184 App. Div. 876; Cooper v. United States Mut. Benefit Assn., 132 N. Y. 334, 338; Savery v. Commercial Travelers Mut. Acc. Assn., 238 App. Div. 189.) Thereafter, and following legislative authorization (in 1887 and again in 1918), a standard fire policy was adopted which provided that an action on the policy had to be commenced ‘ ‘ within twelve months next after the fire”. (See ABA Insurance Law Section, Annotation of 1943 New York Standard Fire Insurance Policy [1953], p. 152.) This clause was, of course, interpreted to mean that the period of limitations ran from the date of the fire, in consequence of which the insured was compelled to satisfy all conditions precedent as well as institute suit within the same 12-month period. (See Allen v. Dutchess County Mut. Ins. Co., 95 App. Div. 86.)
With the expansion of insurance coverage to include risks in addition to fire — for instance, “ theft,” “ lightning,” *244 " windstorm ”, to mention a few — it became necessary, in order to have the one-year ]imitation apply to such other risks (see, e.g., Fantozzi v. Security Mut. Fire Ins. Co., 247 App. Div. 686), that the language of the provision be broadened. Accordingly, the Legislature in 1943 enacted a standard policy in which the words “ after the fire ” were replaced by the words “ after inception of the loss ” (L. 1943, ch. 671, § 1, amdg. Insurance Law, § 168; see, also, L. 1942, ch. 900, § 1; italics supplied), an unmistakable indication that the period of limitations encompassed every casualty insured against, including fire, and that, even though a cause of action could not accrue until some later time, the 12 months were to be measured, as they had previously been in the case of fire alone, from the occurrence of the destructive event. (See, e.g., Pomilla v. Great Amer. Ins. Co., 14 N Y 2d 567, supra; Margulies v. Quaker City Fire & Mar. Ins. Co., 276 App. Div. 695; Skylark Enterprises v. American Cent. Ins. Co., 13 A D 2d 707, affg. 23 Misc 2d 290; Thames Realty Corp. v. Massachusetts Fire & Mar. Ins. Co., 16 Misc 2d 747, 748. )[1]
In view of the pains taken by the Legislature to delineate the precise starting point of the period of limitations, it is highly unreasonable to contend, as the plaintiff does, that the commencement of the 12-month span was tolled by CPLOEt 204 (subd. [a]) until the cause of action accrued. This latter section (formerly Civ. Prae. Act, § 24) recites that, “ Where the commencement of an action has been stayed by a court or by statutory prohibition, the duration of the stay is not a part of the time within which the action must be commenced.” Since the provision which bars suit — “ unless all the requirements of this policy shall have been complied with” — is contained in section 168 of the Insurance Law (subd. 6, lines *245 157-160), it is characterized by the plaintiff as a 0 statutory prohibition” under CPLR 204 (subd. [a]).
The argument not only disregards the plain meaning of the policy language but ignores both its history and the intention of those who wrote it. The Legislature, in enacting section 168 of the Insurance Law, gave careful attention to the very problem presented by this case. Considering the manner in which the phrasing evolved over the years, there cannot be any doubt that the period of limitations was meant to run from the date of the fire, even though a cause of action against the insurer had not then accrued. The court will not subvert this clearly expressed legislative design—and rewrite nearly 90 years of history—by deriving from the less specific terms of another provision (CPLR 204, subd. [a]) just the opposite intention and meaning.
Nor do we perceive anything unfair in reaching the result we do. If conduct or action on the part of the insurer is responsible for the insured’s failure to comply in time with the conditions precedent, injustice is avoided and adequate relief assured, without doing violence to the plain language used by the Legislature, by resort to traditional principles of waiver and estoppel.
In the present case, there is no basis for a claim of either the one or the other. The defendants made it clear in writing, after being apprised of the fire, that the furnishing of blank forms of proof of loss and the examinations of the plaintiff were not to be taken as a waiver of any policy provision. Moreover, the plaintiff himself confirmed by letter his understanding that settlement discussions would not be regarded as a waiver and were without prejudice to any defense which might be asserted by the insurance carriers. Although the defendants never intended to pay the amount of damages demanded because they believed that it was fraudulently exaggerated, they were under no obligation to communicate these views to the plaintiff. (See, e.g. Skylark Enterprises v. American Cent. Ins. Co., 13 A D 2d 707, supra.)
Proof of loss was submitted on May 2, 1963, and the second of two examinations, held on July 9, was adjourned to enable the plaintiff to supply certain information which the defendants desired. Despite two requests by defendants’ counsel, on *246 July 25 and August 8, to furnish the data, the plaintiff did nothing until January 29, 1964, considerably more than a year after the fire, when his attorney telephoned to ask about the possibility of a settlement. Thus, the record is persuasive that this is a case not of the defendants’ lulling the plaintiff into a sense of false security but of the latter’s sleeping on his rights.
In conclusion, then, since the suit was not commenced within 12 months after the fire and there is no basis for any claim of waiver or estoppel, the complaint was properly dismissed.
The order appealed from should be affirmed, with costs.
Chief Judge Desmond and Judges Van Vookhis, Burke, Scileppi, Bergan and Keating concur.
Order affirmed.

. The courts of other jurisdictions have similarly construed analogous provisions to mean that the period of limitations begins to run upon the happening of the insured peril. (See, e.g., Sager Glove Corp. v. Aetna Ins. Co., 317 F. 2d 439; General Ins. Co. v. Lee Chocolate Co., 97 Ga. App. 588; Olson Enterprises v. Citizens Ins. Co., 255 Iowa 141; Boyd v. Bankers & Shippers Ins. Co., 245 N. C. 503; Metz v. Buckeye Union Fire Ins. Co., 104 Ohio App. 93; Springfield Fire & Man. Ins. Co. v. Biggs, 295 P. 2d 790 [Okla.]; Bell v. Quaker City Fire & Mar. Ins. Co., 230 Ore. 615; Ramsey v. Some Ins. Co., 203 Va. 502; Townsend v. Milwaukee Ins. Co., 15 Wis. 2d 464.)