■ BECKER-FINEMAN CAMPS, INC., Respondent, v PUBLIC SERVICE MUTUAL INSURANCE CO., Appellant.—Appeal from an order of the Supreme Court at Special Term, entered January 10, 1974 in Albany County, which denied defendant's motion for summary judgment dismissing the complaint. Plaintiff commenced this action to recover on a fire insurance policy issued by defendant. The defendant's answer, in addition to numerous denials, contains six separate and distinct defenses. Defendant's motion for summary judgment was based on its second affirmative defense, that the action was not commenced within 12 months after the fire loss. This short period of limitations of 12 months is normally inserted in all policies pursuant to the requirements of section 168 of the Insurance Law. All parties agree that the action was not brought within 12 months after plaintiff sustained the fire loss. The plaintiff claims and has submitted proof to show that the fire insurance policy issued to it does not contain the short 12-month Statute of Limitations. Defendant submitted affidavits to establish that it issued a policy containing the contractual shortened period for bringing the action. A question of fact is clearly generated and summary judgment was properly denied (CPLR 3212, subd [b]). An insurance company which issues an insurance policy without the short Statute of Limitations waives the advantage accruing from it and is estopped from relying on it *(Godwin v Continental Ins. Co.,* 436 F2d 712; *Conte v Yorkshire Ins. Co. of N. Y.,* 5 Misc 2d 670). The defendant urges that the court give no credence to plaintiff's affidavits submitted in opposition to its motion. "In ruling on a motion for summary judgment we must accept as true all the evidence opposing the motion *(Weiss v. Garfield,* 21 A D 2d 156) * * * summary judgment is a drastic remedy to be granted only where there are clearly no factual issues [citations omitted]" *(Marine Midland Bank-Eastern Nat. Assn. v Prel Al-*

*bany,* 50 AD2d 996). Order affirmed, with costs. Sweeney, J. P., Kane, Main, Larkin and Reynolds, JJ., concur.