■ MEDICAL FACILITIES, INC., Respondent, v JOHN W. PRYKE, Appellant. — Order, Supreme Court, Bronx County (Mercorella, J.), entered September 10, 1982, denying defendant's motion for summary judgment to dismiss the complaint as barred by the Statute of Limitations and granting plaintiff partial summary judgment to dismiss defendant's affirmative defenses alleging that the action was barred by the Statute of Limitations, is affirmed, without costs. This is an action to recover for alleged business interruption and rent loss under a fire insurance policy. The insured premises were damaged by fire on July 21, 1975. Although the defendant, the insurance company's representative, paid the property damage claim, the parties were unable to agree on plaintiff's further claims for business interruption and rent loss in intermittent negotiations that appeared to have lapsed some years prior to commencement of this action on July 24, 1981, six years and three days after the fire. Defendant moved to dismiss the complaint on the ground that the action was brought untimely, alleging alternatively that it was barred by the one-year Statute of Limitations provided in section 168 of the Insurance Law, or the six-year period of limitation set forth in CPLR 213 (subd 2), which requires an action upon a contractual obligation to be commenced within six years. Plaintiff cross-moved for partial summary judgment dismissing the two affirmative defenses which alleged the bar of these periods of limitation. Special Term denied defendant's motion for summary judgment to dismiss the complaint and granted plaintiff's cross motion to dismiss the two affirmative defenses. Special Term concluded that the one-year Statute of Limitations set

forth in section 168 of the Insurance Law was inapplicable because the statutory language required to be included in a fire insurance policy was not in fact included in the policy in question, and that the action was brought within six years after the alleged breach by defendant of its contractual obligation. We agree. Since the policy did not include the statutory language set forth in section 168 of the Insurance Law, or indeed any reference to the one-year period of limitations, Special Term was clearly correct in concluding that the one-year period was inapplicable. (*Becker-Fineman Camps v Public Serv. Mut. Ins. Co.,* 52 AD2d 656.) As to the defendant's claim that the action was barred by the six-year limitation in CPLR 213 (subd 2), the principle is of course well established that an action for breach of contract commences running at the time the breach takes place (1 Weinstein-Korn-Miller, NY Civ Prac, par 213.10), and it seems patent that the insurance company did not violate any obligation on the day of the fire. Defendant's argument that the six-year statutory period nonetheless commenced running on the date of the fire is based on a misreading of *Proc v Home Ins. Co.* (17 NY2d 239). *Proc* (p 243) simply held with regard to a policy which includes the limitation clause prescribed in section 168 of the Insurance Law, that the statutory period of limitation commences with the " 'inception of the loss' ", that being the precise direction of the statutory language. The *Proc* opinion is clear that the rule had been otherwise where the policy did not include the statutory language, and nothing in the opinion suggests an intention to alter that general rule. Although it may appear anomalous that the shorter period of limitation has an earlier point of inception than the longer period in CPLR 213 (subd 2), the anomaly is more apparent than real. When an assured is placed on notice in the policy that the short period of limitations commences with the "inception of the loss", and has accepted that provision, it is appropriate to apply the policy in accordance with its terms. The record is unclear as to when the claimed breach in fact occurred. The policy requires the assured to file within 60 days of the loss sworn proofs of loss, and extends to the insurer a period of 30 days within which to pay the claimed loss. If these procedures had been followed, the date of breach would have been clearly fixed. However, the assured here, with the apparent acquiescence of the insurer's representative, did not file sworn proofs of loss, both parties apparently being content to pursue the negotiations in a less formal manner than the policy contemplated, and the insurer's representative apparently being agreeable to considering, in lieu of sworn proofs of loss, less formally stated claims. (See Insurance Law, § 172.) Although it is not necessary here to decide the exact day of the breach, it would seem reasonable under the circumstances to date the inception of the six-year period from the expiration of 30 days after the insurer received claims of the assured that were in effect accepted as proofs of loss, or from the date of rejection of such claims if the rejection occurred earlier. The record does not permit this date to be fixed with certainty. However, it is clear that whatever that date may be, the claimed breach occurred less than six years before the action was commenced. In addressing this somewhat confused problem, given the obscure nature of the record, Special Term quite reasonably noted that even if the breach were found to have occurred 30 days after the loss was sustained, that being the period that the insurer was entitled to consider sworn proofs of loss, the action would still have been timely. Concur — Sandler, J. P., Carro and Alexander, JJ.

Fein, J., concurs in the result only and Kassal, J., dissents in a memorandum as follows: I disagree and would reverse the order appealed from and grant defendant's motion for summary judgment dismissing the complaint, as barred by the six-year Statute of Limitations contained in CPLR 213. The action was brought to recover under a fire insurance policy issued by defendant, repre-

senting underwriters at Lloyds of London, for the period from January 17, 1975 to January 17, 1976. On July 21, 1975, a fire occurred at plaintiff's premises, a Medicaid clinic in The Bronx. Thereafter, the insurer paid $31,000, representing physical damage to the building, and there remained in dispute plaintiff's claims for business interruption and loss of rent. No adjustment of this portion of the claim was made since the parties were unable to agree as to the rent loss, albeit the insurer had offered $36,000, the full policy limit for business interruption, in addition to $4,140.15 for loss of rents. In a letter dated November 3, 1975, addressed to the independent adjuster for the insurer, plaintiff claimed loss of rents of $10,000 and a business interruption loss of $36,000. The action was commenced July 24, 1981, six years and three days after the fire. In finding this to be timely, the majority has concluded that the insured's cause of action accrued, not at the time of the fire but, at the earliest, 30 days after the loss. They find that, while the record does not permit the date of accrual to be fixed with certainty, "it is clear that whatever that date may be, the claimed breach occurred less than six years before the action was commenced." Principal reliance is placed upon the following policy provision: "All adjusted claims shall be paid or made good to the assured within thirty days after presentation and acceptance of satisfactory proofs, interest and loss at the office of said Insurer's representative." In holding that the applicable period of limitations did not run from the date of the loss, the majority has applied a different rule from that applicable to the standard fire insurance policy, where the time to sue is computed from the date of the fire, i.e., the "inception of the loss" (Insurance Law, § 168, subd 5; *Proc v Home Ins. Co.,* 17 NY2d 239). Concededly, this policy did not contain the statutory period set forth in section 168 of the Insurance Law, which requires an action to be brought within two years after the inception of the loss. I fully agree with my colleagues that the failure to provide the statutory limitation is a waiver of the short limitations period, so that the insured is afforded a six-year period to institute suit, the Statute of Limitations generally applicable to contract actions (CPLR 213; *Becker-Fineman Camps v Public Serv. Mut. Ins. Co.,* 52 AD2d 656; *Conte v Yorksire Ins. Co. of N. Y.,* 5 Misc 2d 670). However, I do not agree that application of the six-year period carries with it the conclusion that the cause of action accrued on a date subsequent to the date of the fire. *Proc v Home Ins. Co. (supra),* does not so hold. That case involved a claim for fire coverage under a standard fire policy, the Court of Appeals determining that the contractual period of limitations ran from the date of the casualty insured against (see *Bargaintown, D.C. v Bellefonte Ins. Co.,* 54 NY2d 700, 702). The court did not have before it the situation which confronts us, namely, the accrual of a claim under a fire policy which does not contain the short limitations period within section 168 of the Insurance Law. The majority has opined from the *Proc* decision that the prior rule applicable to nonstatutory provisions has been reinstated and that "nothing in the opinion suggests an intention to alter that general rule." In my evaluation, the Legislature, by the statutory change, has made a determination for all insurance purposes, whether it be for policies with the short-ter-ι statutory limitation or for those without such provision, covered by the general contract six-year period of limitations. In finding that the period of limitations ran, not from the date of the fire, but from some unspecified date at least 30 days thereafter, the majority has also overlooked the essence of the contract and has given undue and, in my view, improper emphasis to the policy provision which requires the adjustment of claims within 30 days after presentation and acceptance of satisfactory proofs of loss. A policy of insurance is in the nature of a gaming contract, designed to shift the risk of loss to a party in the business of placing

insurance in return for the payment of a premium, measured against the insurer's distributive share of the risk. (See Vance, Insurance, §§ 1-5.) The focal point in such insurance is the happening of the insured event, from which a loss is to be measured and all rights under the policy accrue. All of the pertinent terms of the policy relate to and speak in terms of the "loss," in defining the coverage and the perils insured against, allocating the deductible, providing for exclusions from coverage and fixing the manner by which and even the currency in which the loss is to be paid. The date of the "loss," from which all rights under the policy emanate, should likewise control the period within which suit should be brought. A rational construction does not require that the policy provision, directing the adjustment of claims within 30 days after submission of proofs of loss, be converted thereby into an additional period of limitations. The 30-day period is not designed for that purpose. At best, it is a waiting period, intended solely to permit the insurer sufficient time to investigate a loss, evaluate and, possibly, adjust a claim without being burdened by litigation. "This 'waiting period' is designed for the insurer's benefit to investigate circumstances attending the loss and to establish the correctness of the insured's claim." (3 Richards, Insurance, § 556.) At best, it should be construed as a condition precedent to suit. Furthermore, nowhere in this policy may one glean the intention that the 30-day period is designed to augment the period of time within which an action must be brought. Of significance is the fact that the policy does not contain the standard fire insurance clause that "[n]o suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all of the requirements of this policy shall have been complied with". This clause, contained within subdivision 5 of section 168 of the Insurance Law, is invariably used in conjunction with the statutory fire provision that an action be commenced within two years after inception of the loss. Without such a provision, however, no impediment exists to the commencement of an action immediately upon the occurrence of the loss. Thus, in section 557 of volume 3 of Richards, Insurance, it is observed: "Without this express condition it has been held that the provisions relating to an ascertainment of loss, for example, the appraisal clause, are independent and collateral; therefore suit could be brought by the insured without complying with the requirements of the policy." The "appraisal" clause in our case, requiring the insurer to settle or adjust claims within 30 days, does not include any restriction upon the insured in terms of the commencement of an action. Therefore, there is nothing in the policy to preclude plaintiff from taking immediate legal action nor is there any policy language to delay or defer the claim from maturing beyond the date of the loss. Inasmuch as there was nothing to prevent the assured from promptly proceeding upon the occurrence of the insured event, no reason appears to extend the period of limitations beyond the six-year statutory period, measured from the date of the loss. The conclusion by the majority to the contrary could have far-reaching implications. Logically, it could affect the accrual of claims under other categories of insurance coverage, including casualty, life and accident insurance, if they had a similar requirement for the filing of proofs or the appraisal or adjustment of a claim by the carrier. Adherence to the position of the majority would delay the accrual of a claim for Statute of Limitations' purposes until after such proof or appraisal period had elapsed. In my view, that position is not tenable in either situation. The construction adopted by Special Term, confirmed by the majority on this appeal, effectively recasts the policy and, under the guise of interpretation, converts what is essentially a housekeeping measure, to facilitate the investigation and adjustment of meritorious claims, into an additional period of limitations. The policy,

however, does not so provide. Furthermore, there is no obligation upon the insurer to communicate a rejection of a claim to the insured (see *Proc v Home Ins. Co.,* 17 NY2d, at p 245; *Skylark Enterprises v American Cent. Ins. Co.,* 13 AD2d 707). On this record, it is patent that the insured, in delaying action until more than six years after the fire, has slept on his rights and there is no factual basis to invoke an estoppel. (See *Proc v Home Ins. Co.,* 17 NY2d, at p 246; *Fotochrome, Inc. v American Ins. Co.,* 26 AD2d 634.) Nor is there merit to the unsupported position in the complaint and before Special Term that the insured failed to institute suit in reliance upon the vague claim by the insurer, during the time the parties had negotiated with respect to the loss, that the policy was governed by a short period of limitations, which had expired. Clearly, the insured's professed ignorance of the statutory limitations' period cannot be relied upon (cf. *Shaw v Union Mut. Life Ins. Co. of N. Y.,* 91 Misc 2d 64 [a suit to recover on a life insurance policy, wherein the action was held to have been untimely commenced, more than six years from the date of death of the insured, the court rejecting the excuse offered by the executrix and beneficiary that the delay resulted from her ignorance of the existence of the insurance policy]; see, also, *Nigro v Commercial Travelers Mut. Acc. Assn. of Amer.,* 268 App Div 442, mot for lv to app den 268 App Div 1059). A fortiori, ignorance of the law is likewise insufficient to excuse the untimeliness of this action. Accordingly, the order, Supreme Court, Bronx County (Anthony Mercorella, J.), entered September 10, 1982, denying defendant's motion for summary judgment dismissing the complaint and granting plaintiff's cross motion to dismiss defendant's affirmative defense of Statute of Limitations, should be reversed, the motion granted, the cross motion denied, and the complaint dismissed as barred by the six-year Statute of Limitations contained in CPLR 213.