[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The pro se plaintiff, Glenn R. Proto, brings this action to recover under a policy of insurance issued to him by the defendant American Casualty Company. The plaintiff alleges that his home at 28 Madison Avenue in Killingworth sustained storm damage on August 19, 1991, and he seeks reimbursement under his policy for expenses allegedly incurred in making necessary repairs to his property after the storm.
The defendant declined to pay a portion of the plaintiff's claim in a letter dated November 5, 1992, due to the plaintiff's failure to submit to an examination under oath. By a small claims writ dated November 11, 1992, the plaintiff brought an action against the CNA Insurance Companies based on American Casualty's denial of a portion of his claim. A nonsuit for failure to plead entered against the plaintiff on May 3, 1993. On August CT Page 3059 2, 1993, the plaintiff brought a second small claims action, naming American Casualty as the defendant. This second action is now before the court pursuant to a motion to transfer to the regular civil docket filed by the defendant, and granted by the court on September 13, 1993.
On January 21, 1994, the defendant filed a motion for summary judgment on the plaintiff's complaint, asserting that the plaintiff's cause of action is time-barred under the policy, and further that the plaintiff is not entitled to recovery as a matter of law due to his failure to submit to an examination under oath. Although the pro se plaintiff did not file a formal objection to the defendant's motion, both parties appeared at oral argument before this court to present the issues.
"The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989), citing Dowling v. Kielak, 160 Conn. 14, 16, 273 A.2d 716 (1970). "The party moving for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which, under applicable principles of substantive law, entitle him to judgment as a matter of law." (Citations omitted.) State v. Goggin, 208 Conn. 606, 615, 546 A.2d 250 (1988). "Because the burden is on the movant, the evidence must be viewed in the light most favorable to the nonmovant and he is given the benefit of all favorable inferences that can be drawn." Id., 616.
The limitations period on which the defendant relies in the present case is imposed by a provision in the policy itself. The policy issued to the plaintiff provides in relevant part:
 No action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss.
Policy, Section I Conditions, 8. This contractual provision is authorized under General Statutes 38a-290, which provides that "no insurance company doing business in this state shall limit the time within which any suit shall be brought against it . . . to a period less than one year from the time when the loss insured against occurs." General Statutes 38a-290(e). Since the loss insured against occurred on August 19, 1991, and the plaintiff failed to file any action in court until November 11, 1992, it would appear that the plaintiff's action is barred by the express terms of the policy.
In Monteiro v. American Home Assurance Co., 177 Conn. 281,416 A.2d 1189 (1977), the plaintiff brought an action to recover under a fire CT Page 3060 insurance policy almost two years after the loss occurred. The one-year limitation provision at issue in the fire insurance policy was authorized under General Statutes 38-98 and 99 (now 38a-307 and 308). These statutes require the inclusion of a fire policy provision directing that no suit or cause of action is sustainable "unless commenced within twelve months next after inception of the loss." General Statutes 38-98. There is no such statutory directive in the present case; rather, General Statutes 38a-290
is a restriction on the ability of insurance companies to impose these limitations in other types of policies. However, the one-year limitation at issue in the present case is consistent with the restrictions in General Statutes 38a-290, and therefore is a valid contractual obligation.
"Since a provision in a . . . policy requiring suit to be brought within one year of the loss is a valid contractual obligation, a failure to comply therewith is a defense to an action on the policy unless the provision has been waived or unless there is a valid excuse for nonperformance; and such a condition requiring suit to be brought within one year does not operate as a statute of limitations." (Citations omitted.) Monteiro v. American Home Assurance Co., supra, 283. "This condition is a part of the contract so that it controls the rights of the parties under the contract and, hence, such rights must be governed by the rules of law applicable to contracts." Id. The court in Monteiro held that the plaintiff in that case was not excused from the performance of his contractual obligations due to the disability of his attorney. The courts in the other cases cited by the defendant reached the same conclusion as Monteiro based on their own facts, namely that the insured was bound by the contractual obligation imposed in the policy. See Schutz v. Aetna Casualty Surety Co., 1 Conn. L. Rptr. 812 (June 29, 1990, Hartmere. J.); Zieba v. Middlesex Mutual Assurance Co., 549 F. Sup. 1318 (1982). The present case, however, requires a different result.
"If conduct or action on the part of the insurer is responsible for the insured's failure to comply in time with the conditions precedent (bringing suit within 12 months), injustice is avoided and adequate relief assured . . . by resort to traditional principles of waiver and estoppel." Boyce v. Allstate Insurance Co., 9 CSCR 90 (January 31, 1994, Corradino, J.), quoting Proc v. Home Insurance Co., 17 N.Y.2d 239, 246, 217 N.E.2d 136,270 N.Y.S.2d 412, 416 (1966); see Hanover Ins. Co. v. Fireman's Fund Ins. Co.,217 Conn. 340, 350 (1991). Estoppel is appropriate where one party says or does something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and where the other party changes his position in reliance on those facts. Lunn v. Tokeneke Assn., Inc., 227 Conn. 601, 607, ___ A.2d ___ (1993). "For estoppel to exist, there must be misleading conduct resulting in prejudice to the other party." Id., citing John F. Epina Realty, Inc. v. Space Realty, Inc., CT Page 3061194 Conn. 71, 85, 480 A.2d 499 (1984). The conduct giving rise to estoppel must have occurred before the limitations period expired. Hanover Ins. Co. v. Fireman's Fund Ins. Co., supra, 351.
The defendant provided with its motion several letters allegedly sent to the plaintiff, concerning the scheduling of an examination under oath. These letters are dated prior to and immediately after the limitations period expired, and they reference several discussions between the insurer and the plaintiff occurring during this time period. The court has no information as to the content of these verbal communications, other than an indication by the insurer of its willingness to work around the plaintiff's schedule. However, the court is not persuaded based on the current pleadings that estoppel cannot apply.
Furthermore, the defendant's assertion that the "plaintiff has certainly not used reasonable and proper diligence in protecting his rights" is at best a misstatement of the facts. The plaintiff filed his initial small claims action against the CNA Insurance Companies less than a week after receiving notification of the defendant's denial. A judgment of nonsuit for failure to plead was entered against the plaintiff five months later.[1] The plaintiff then refiled his small claims action against the present defendant less than three months after the nonsuit entered, and the defendant filed a motion to transfer the action to the Superior Court docket, bringing it before this court. The plaintiff alleges that $4,472 remains unpaid on his claim, and he has been unable to find counsel to represent him based on the limited amount in dispute. The pro se plaintiff has diligently pursued his rights, despite his unfamiliarity with the procedural technicalities employed by the defendant's counsel to terminate his case.
When an insurer notifies an insured of the denial of his claim after the expiration of the limitations period contained in the policy, it may thereafter be estopped to assert this contractual condition against an insured who brings suit within a reasonable time after receipt of such notice. The insured is entitled to his day in court. This court cannot "say as a matter of law that there is no basis to conclude that the plaintiff was lulled into a false sense of security as regards the 12-month limitation claim." Boyce v. Allstate Insurance Co., supra, 92. Accordingly, the motion for summary judgment based on the contractual limitations provision is denied.
The plaintiff is not entirely without fault in the present case. He has refused to submit himself to an examination under oath, and has provided no reason for his refusal to do so. This is a requirement under his policy of insurance. Policy, Section I Conditions, 2(f)(3). It has CT Page 3062 been held, and this court agrees, that such provisions are valid and enforceable against the insured. Capello v. Aetna Life Casualty Co.,8 Conn. L. Rptr. 582 (April 12, 1993, Aurigemma, J.). In the interests of justice, however, the court will not grant summary judgment on this ground without allowing the plaintiff an opportunity to comply with the terms of his policy. This comports with the defendant's own notice to the plaintiff, that they will "gladly reopen and reconsider" the plaintiff's claim if he submits to such an examination. The plaintiff must submit to the examination as required by the contract. In the event the defendant continues to refuse to submit to the examination (within 45 days of the date of this decision) after reasonable notice to him, then this court will again consider a motion for summary judgment. Notice for such examination shall be given to the defendant within 20 days of the date of this decision and otherwise in accordance with the terms of the contract.
JOHN WALSH, J.