■ DAVID E. WATTS et al., Respondents, v CHAMPION HOME BUILDERS COMPANY et al., Defendants, and VALUE MANUFACTURED HOMES, LLC, et al., Appellants. [789 NYS2d 573]—

Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered December 15, 2003. The order denied the motion of defendants Value Manufactured Homes, LLC, Alden Village Estates Assoc., LLC and Kenneth C. Burnham seeking dismissal of the complaint against them pursuant to CPLR 3211 (a) (1) and (7).

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiffs commenced this action seeking damages and other relief in connection with the purchase and construction of their manufactured home. Supreme Court properly denied the motion of Value Manufactured Homes, LLC, Alden Village Estates Assoc., LLC and Kenneth C. Burnham (defendants) to dismiss the complaint against them pursuant to CPLR 3211 (a) (1) and (7). Dismissal is not warranted under CPLR 3211 (a) (1) because the documentary evidence submitted by defendants fails to establish conclusively that there was no agreement between defendants and plaintiffs with respect to the construction work or that defendants had no role in the performance of the construction work (*see Leon v Martinez*, 84 NY2d 83, 88 [1994]). Nor have defendants conclusively established that plaintiffs have no cause of action against them, warranting dismissal of the complaint under CPLR 3211 (a) (7) (*see Town of North Hempstead v Sea Crest Constr. Corp.*, 119 AD2d 744, 746 [1986]; *cf. Albert v Solimon*, 252 AD2d 139, 140-141 [1998], *affd* 94 NY2d 771 [1999]). The court properly rejected defendants' contentions that plaintiffs' claims against Burnham in his individual capacity should be dismissed, along with the causes of action alleging breach of warranty and violation of General Business Law article 36-A. Those contentions were raised in the reply affirmation of defendants' attorney. "The function of reply papers is to address arguments made in opposition to the position taken by the movant and not to permit the movant to introduce new arguments in support of, or new grounds for the motion" (*Dannasch v Bifulco*, 184 AD2d 415, 417 [1992]). Present—Green, J.P., Hurlbutt, Scudder, Lawton and Hayes, JJ.