VASILIY P. LITVINOV, Respondent, v EILEEN M. HODSON et al. Defendants, and JACK FOY et al., Appellants. [826 NYS2d 536]—

Appeal from an order of the Supreme Court, Erie County (Peter J. Notaro, J.), entered May 18, 2005. The order denied defendants' motion to dismiss the complaint against defendants Jack Foy and New York Central Mutual Fire Insurance Company.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion in part and dismissing the seventh cause of action and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this lawsuit asserting causes of action for, inter alia, rescission of a release, fraud in the procurement of that release, and unfair claim settlement practices. As a preliminary matter, we note that, in evaluating defendants' motion to dismiss the complaint against Jack Foy and New York Central Mutual Fire Insurance Company (collectively, defendants), we have not considered any new arguments, grounds, or evidence advanced by defendants in their reply submissions (*see Watts v Champion Home Bldrs. Co.*, 15 AD3d 850, 851 [2005]; *cf. Kennelly v Mobius Realty Holdings LLC*, 33

AD3d 380 [2006]). Within that framework, we conclude that defendants have failed to establish that the fifth and sixth causes of action do not state a cause of action against them, and have thus failed to establish that dismissal of those causes of action is warranted under CPLR 3211 (a) (7) (*see Watts*, 15 AD3d at 851). We agree with defendants, however, that Supreme Court should have dismissed the seventh cause of action, inasmuch as it is premised on a regulation promulgated under Insurance Law § 2601, which itself does not give rise to a private cause of action (*see Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603, 614 [1994]; *Zawahir v Berkshire Life Ins. Co.*, 22 AD3d 841, 842 [2005]). We therefore modify the order accordingly. Present—Hurlbutt, A.P.J., Gorski, Smith and Centra, JJ.