■ Keisha Burchard, Respondent, v City of Elmira et al., Appellants. [859 NYS2d 276]—

Malone Jr., J. Appeal from an order of the Supreme Court (Mulvey, J.), entered January 28, 2007 in Chemung County, which, among other things, denied defendants' motion to dismiss the complaint.

In January 2005, plaintiff commenced this action against defendant City of Elmira and defendant Carl Mustico III, a police officer employed by the City, for injuries sustained during an October 2003 incident when Mustico allegedly used excessive force while arresting her. Defendants served various discovery demands and, following plaintiff's noncompliance, obtained a conditional preclusion order in March 2006. On June 14, 2006, defendants served a demand for the resumption of prosecution and for plaintiff to file a note of issue within 90 days. When plaintiff did not file the note of issue within the 90-day period, defendants moved, among other things, to dismiss the complaint for want of prosecution pursuant to CPLR 3216. Plaintiff ultimately filed the note of issue on September 27, 2006. Supreme Court denied defendants' motion, but imposed a monetary sanction of $250 on plaintiff's counsel. Defendants now appeal.

Initially, we note that "[t]o defeat [a] motion[ ] to dismiss for failure to prosecute, plaintiff[ ] [was] required to proffer an excuse justifying the delay in filing the note of issue and proof that [her] causes of action had merit" (Mrva v Yavorski, 17 AD3d 918, 919 [2005]; see CPLR 3216 [e]). "[I]n evaluating the adequacy of the proffered excuse for [a] plaintiff's delay," the court must consider and weigh "the appropriate factors, including the history of the case, the extent of the delay, evidence of intent to abandon the case, undue prejudice to [the] defendant and the merits of the underlying claim" (Schneider v Meltzer, 266 AD2d 801, 802 [1999]; see King v Jordan, 243 AD2d 951, 953 [1997]). In the case at hand, plaintiff's counsel did not offer a specific excuse for the delay, but merely related that it was not

until June 2006 that plaintiff's criminal conviction was upheld on appeal and that she had advised him of her intent to have her criminal attorney handle the civil case. While counsel's explanation is by no means compelling (*see King v Jordan*, 243 AD2d at 953; *Lichter v State of New York*, 198 AD2d 687, 688 [1993]), the delay in filing the note of issue was only a matter of days and there is no indication that defendants were prejudiced thereby. In addition, plaintiff supplied an affidavit attesting to the fact that Mustico slammed her against the patrol car during the arrest and also provided photographs verifying her injuries. Viewing the case as a whole, it does not appear that plaintiff intended to abandon the action. To the extent that plaintiff's counsel may have engaged in some dilatory tactics during discovery, Supreme Court imposed an appropriate monetary sanction. Mindful that "CPLR 3216 is 'extremely forgiving of litigation delay' " (*Vasquez v State of New York*, 12 AD3d 917, 919 [2004], quoting *Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 503 [1997]), we do not find, under the circumstances presented, that Supreme Court abused its discretion in denying defendants' CPLR 3216 motion.

Cardona, P.J., Mercure, Rose and Kavanagh, JJ., concur. Ordered that the order is affirmed, with costs.