SVETLANA BALUK et al., Appellants, v NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Respondent. [6 NYS3d 917]—

Motion insofar as it seeks in the alternative leave to appeal to the Court of Appeals denied and the motion insofar as it seeks leave to reargue, deemed a motion seeking leave to renew (*see* CPLR 2221 [e] [2]; *Karlin v Bridges*, 172 AD2d 644, 645 [1991]), is granted in part and, upon renewal, the memoran-

dum and order entered February 7, 2014 (114 AD3d 1151) is amended by deleting the ordering paragraph and substituting the following ordering paragraph: "It is hereby ordered that the order so appealed from is unanimously modified on the law by denying defendant's motion and reinstating the complaint, and as modified the order is affirmed without costs."

The memorandum and order is further amended by deleting the memorandum and substituting the following memorandum:

Plaintiffs commenced this action alleging that defendant breached its obligations under their homeowner's policy when it failed to reimburse them fully for sums they expended to repair or replace damage resulting from "puff-back" from their malfunctioning furnace. We conclude that Supreme Court erred in granting defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7), and we therefore modify the order by denying that motion and reinstating the complaint.

The loss settlement provision of the policy states that defendant will pay the cost to repair or replace an insured building, "but not more than the least of the following amounts: (1) [t]he limit of liability under [the] policy that applies to the building; (2) [t]he replacement cost of that part of the building damaged with material of like kind and quality and for like use; or (3) [t]he necessary amount actually spent to repair or replace the damaged building." That provision further states that defendant "will pay no more than the actual cash value of the damage until actual repair or replacement is complete." Another provision in the policy states that "[n]o action can be brought against [defendant] unless there has been full compliance with all of the terms under [the Conditions] Section . . . of [the] policy and the action is started within two years after the date of loss." Defendant made payments to plaintiffs for the actual cash value of the damage, but refused to pay the full cost of their repairs, including recoverable depreciation, which were not completed within two years after the date of loss. Thus, the contractual limitation period expired before defendant's alleged breach.

"[T]here is nothing inherently unreasonable about a two-year period of limitation," and agreements that modify the statute of limitations by specifying a shorter period for commencing an action are generally enforced (*Executive Plaza, LLC v Peerless Ins. Co.*, 22 NY3d 511, 518 [2014]; *see Blitman Constr. Corp. v Insurance Co. of N. Am.*, 66 NY2d 820 [1985]). In certain circumstances, however, as in *Executive Plaza*, "[i]t is neither fair nor reasonable to require a suit within two years

from the date of the loss, while imposing a condition precedent to the suit—in this case, completion of [repair or] replacement of the property—that cannot be met within that two-year period" (*id.* at 518). Here, the record fails to establish whether plaintiffs were able to satisfy the condition precedent in the loss settlement provision of their policy prior to commencing this action, i.e., completion of repairs within two years after the loss. Thus, an issue remains "whether the plaintiff[s] had a reasonable opportunity to commence [their] action within the period of limitation" (*id.* at 519 [internal quotation marks omitted]), and that issue must be resolved before it is determined whether the contractual limitation period is enforceable in this case.

We further conclude that the court properly denied plaintiffs' cross motion seeking, inter alia, summary judgment declaring that the remainder of their loss is covered under the policy. Present—Smith, J.P., Peradotto, Lindley, Sconiers and Valentino, JJ.