JAMIE LOBELLO, Appellant, v NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Respondent. [58 NYS3d 842]—

Appeal from an order of the Supreme Court, Oswego County (Norman W. Seiter, Jr., J.), entered December 21, 2015. The order, inter alia, granted in part the cross motion of defendant for summary judgment.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting that part of plaintiff's motion seeking to dismiss defendant's affirmative defense of expiration of the two-year limitations period set forth in the policy, denying defendant's cross motion in its entirety and reinstating the complaint with respect to the loss of September 24, 2009 and granting that part of plaintiff's motion to compel defendant to produce unredacted claim notes for the September 24, 2009 claim through the date of the denial letters, September 30, 2011, and as modified the order is affirmed without costs.

Memorandum: Plaintiff's residence, which was insured by a homeowner's insurance policy issued by defendant, was burglarized on September 24, 2009 (2009 loss) and again on June 6, 2010 (2010 loss). After each theft, plaintiff filed a claim with defendant seeking coverage for the loss, and defendant disclaimed coverage for both losses on September 30, 2011. Plaintiff thereafter commenced this action, alleging that defendant had breached the terms of the insurance policy and seeking a declaration that the insurance policy issued by defendant provided coverage for the subject losses. Defendant moved to dismiss the complaint and appealed from an order insofar as it denied that part of the motion seeking dismissal of the first cause of action, for a declaratory judgment. We affirmed (*Lobello v New York Cent. Mut. Fire Ins. Co.*, 112 AD3d 1287 [2013]).

Following discovery, during which defendant repeatedly failed to provide documents in a timely manner or at all, plaintiff moved for various forms of relief, including an order striking defendant's answer based on discovery violations. Defendant cross-moved for summary judgment dismissing the complaint, contending, inter alia, that plaintiff was barred by the policy's two-year limitations period from recovery for any claims related to the 2009 loss. Supreme Court granted plaintiff's motion in part, ordering defendant to pay plaintiff $1,500 as costs and sanctions for discovery violations and to provide plaintiff with claim notes for only the 2010 loss, with the redactions modified. The court denied those parts of plaintiff's motion that sought a declaration that the denials of coverage were invalid, an order directing defendant to provide plaintiff with unredacted claim notes for the 2009 loss and an order granting plaintiff leave to serve an amended complaint. In addition, the court granted that part of defendant's cross motion "with regard to the [2009] loss" only. We conclude that the court should have denied defendant's cross motion in its entirety, and we therefore modify the order accordingly.

Contrary to plaintiff's contention, the court did not abuse its discretion in imposing only a monetary sanction on defendant for its failure to disclose all of its claim notes. That penalty was " 'commensurate with the particular disobedience it [was] designed to punish' " (*Merrill Lynch, Pierce, Fenner & Smith, Inc. v Global Strat Inc.*, 22 NY3d 877, 880 [2013]; *see Getty v Zimmerman*, 37 AD3d 1095, 1097 [2007]; *see also Burchard v City of Elmira*, 52 AD3d 881, 881-882 [2008]). Contrary to plaintiff's further contention, he was not entitled to summary judgment on the ground that defendant allegedly violated In-

surance Law § 2601 inasmuch as an alleged violation of Insurance Law § 2601 "does not give rise to a private cause of action" (*Litvinov v Hodson*, 34 AD3d 1332, 1333 [2006]; *see generally Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603, 614-615 [1994]).

We agree with defendant that the court properly denied that part of plaintiff's motion in which he sought leave to amend his complaint to assert a cause of action alleging defendant's violation of General Business Law § 349. "A plaintiff under section 349 must prove three elements: first, that the challenged act or practice was consumer-oriented; second, that it was misleading in a material way; and third, that the plaintiff suffered injury as a result of the deceptive act" (*Stutman v Chemical Bank*, 95 NY2d 24, 29 [2000]). We conclude that this action is "essentially a 'private' contract dispute over policy coverage and the processing of a claim which is unique to these parties, not conduct which affects the consuming public at large" (*New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 321 [1995]; *see generally Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 25 [1995]). The fact that defendant may have disclaimed coverage after the two-year policy period "in a few [other] cases . . . within the last [10] years is insufficient" to establish a cause of action under General Business Law § 349 (*JD&K Assoc., LLC v Selective Ins. Group, Inc.*, 143 AD3d 1232, 1234 [2016]; *cf. Ural v Encompass Ins. Co. of Am.*, 97 AD3d 562, 564-565 [2012]; *Shebar v Metropolitan Life Ins. Co.*, 25 AD3d 858, 859 [2006]).

We agree with plaintiff, however, that the court erred in granting that part of defendant's cross motion that sought summary judgment dismissing the complaint with respect to the 2009 loss as time-barred. The policy issued to plaintiff provides that no action can be brought against defendant unless, inter alia, the action "is started within two years after the date of loss." The policy contains no definition for the term "loss," but it defines an occurrence as "an accident . . . which results, during the policy period, in . . . 'Bodily injury'; or . . . 'Property damage.' "

Plaintiff commenced this action more than two years after the 2009 theft. Interpreting the phrase "date of loss" as the date on which the theft occurred, defendant contends that the action is time-barred under the terms of the policy. Plaintiff, on the other hand, interprets the phrase "date of loss" as the date on which the claim was denied and, as a result, contends that the action was timely commenced. We agree with plaintiff. Despite cases holding that "date of loss" means the date of the

underlying catastrophe, including cases from this Department (*see Baluk v New York Cent. Mut. Fire Ins. Co.*, 114 AD3d 1151 [2014], *amended on rearg* 126 AD3d 1426 [2015]; *Klawiter v CGU/OneBeacon Ins. Group*, 27 AD3d 1155 [2006]), the Court of Appeals has found a distinction between the generic phrase "date of loss," and the term of art "inception of loss" (*see Medical Facilities v Pryke*, 95 AD2d 692, 693 [1983], *affd* 62 NY2d 716 [1984]; *Proc v Home Ins. Co.*, 17 NY2d 239, 243-244 [1966], *rearg denied* 18 NY2d 751 [1966]; *Steen v Niagara Fire Ins. Co.*, 89 NY 315, 322-325 [1882]). As the Second Circuit noted in *Fabozzi v Lexington Ins. Co.* (601 F3d 88, 91 [2010]), those cases have not been overruled or disavowed in any way.

Indeed, as the First Department recognized in *Medical Facilities*, "nothing in *[Proc]* suggests an intention to alter [the] general rule" (95 AD2d at 693), which is "that an action for breach of contract commences running at the time the breach takes place" (*id.*). Thus, only the very specific "inception of loss" or other similarly "distinct language" permits using the catastrophe date as the limitations date (*Steen*, 89 NY at 324; *see Medical Facilities*, 95 AD2d at 693). Here, the policy did not contain the specific "inception of loss" or other similarly distinct language, and we thus disavow our decisions in *Baluk* and *Klawiter* to the extent that they hold otherwise.

Inasmuch as " '[a]mbiguities in an insurance policy are to be construed against the insurer' " (*Dean v Tower Ins. Co. of N.Y.*, 19 NY3d 704, 708 [2012]; *see Steen*, 89 NY at 324), we conclude that the two-year limitations period contained in the policy did not begin to run until "the loss [became] due and payable" (*Steen*, 89 NY at 324; *see Cooper v United States Mut. Benefit Assn.*, 132 NY 334, 337 [1892]). As a result, we conclude that the court erred in granting that part of defendant's cross motion that sought summary judgment dismissing the complaint with respect to the 2009 loss, and we further modify the order by granting that part of plaintiff's motion to compel defendant to disclose the unredacted claim notes related to the 2009 loss, through the date of the denial letters. Present—Centra, J.P., Lindley, NeMoyer and Troutman, JJ.