Mercedes-Benz Fin. Servs. USA, LLC v Allstate Ins. Co. (2018 NY Slip Op 04064)





Mercedes-Benz Fin. Servs. USA, LLC v Allstate Ins. Co.


2018 NY Slip Op 04064


Decided on June 7, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 7, 2018

525734

[*1]MERCEDES-BENZ FINANCIAL SERVICES USA, LLC, Appellant,
v
ALLSTATE INSURANCE COMPANY, Respondent.

Calendar Date: April 25, 2018

Before: Garry, P.J., Lynch, Clark, Aarons and Rumsey, JJ.


Law Offices of Rudolph J. Meola, Albany (Rudolph J. Meola of counsel), for appellant.
Rupp Baase Pfalzgraf Cunningham, LLC, Buffalo (Adam M. Brasky of counsel), for respondent.


Clark, J.

MEMORANDUM AND ORDER
Appeal from an order of the Supreme Court (Melkonian, J.), entered July 27, 2017 in Albany County, which granted defendant's motion to dismiss the complaint.
In August 2015, pursuant to an automobile insurance policy, defendant agreed to insure a particular 2015 Mercedes-Benz vehicle — over which plaintiff held a security interest — against loss caused by theft, subject to certain terms, conditions and exclusions. According to the complaint, the vehicle was rendered a total loss due to theft on or about February 15, 2016, and a claim for loss was filed with defendant. On May 3, 2016, allegedly as a result of the vehicle owner's noncooperation, defendant denied the claim. Thereafter, on February 16, 2017,
plaintiff commenced this breach of contract action seeking to recover the value of the insured vehicle. In lieu of answering, defendant moved to dismiss the complaint on the basis that it was not timely commenced within the shortened, one-year limitations period set forth in the insurance policy. Finding that the action was untimely, Supreme Court granted defendant's motion and dismissed the complaint, prompting this appeal by plaintiff.
We reverse. While the statute of limitations period applicable to a breach of contract claim is ordinarily six years (see CPLR 213 [2]), parties to an insurance contract may agree in writing to shorten the period of time in which to commence an action against an insurer for the nonpayment of claims (see CPLR 201; John J. Kassner & Co. v City of New York, 46 NY2d 544, 550-551 [1979]; New Medico Assoc. v Empire Blue Cross & Blue Shield, 249 AD2d 760, 761-762 [1998]). Here, there is no dispute that the insurance policy shortened the period of time [*2]within which plaintiff had to commence this action. Indeed, defendant's policy stated: "No one may bring an action against us in any way related to the existence or amount of coverage, or the amount of loss for which coverage is sought, under Part V — Protection Against Loss of the Auto, unless there is full compliance with all policy terms and such action is commenced within one year after the date of loss" (emphasis added). However, the term "date of loss" is not defined in the policy, and the parties disagree as to its meaning and, thus, when the one-year limitations period began to run. In particular, plaintiff contends that the "date of loss" is the date on which defendant denied the insurance claim, thereby giving rise to its breach of contract claim. In contrast, defendant asserts that the "date of loss" is the date on which the vehicle was stolen. We agree with plaintiff.
Generally, the statute of limitations on a breach of contract claim begins to run at the time that the breach occurs (see Ely-Cruikshank Co. v Bank of Montreal, 81 NY2d 399, 402 [1993]; Medical Facilities v Pryke, 62 NY2d 716, 717 [1984]; John J. Kassner & Co. v City of New York, 46 NY2d at 550), which, in this case, would be the date on which defendant disclaimed coverage. Naturally, parties to an insurance contract may depart from the general rule and stipulate that the occurrence of the underlying catastrophe starts the clock for the applicable limitations period, but the agreement must include "distinct language" demonstrating that such departure was intended by the parties (Steen v Niagara Fire Ins. Co., 89 NY 315, 324 [1882]; see Medical Facilities v Pryke, 62 NY2d at 717; Proc v Home Ins. Co., 17 NY2d 239, 243 [1966]). In our view, the generic "date of loss" language employed here, in the context of the policy as a whole, does not evince an unmistakable intention that the one-year limitations period be measured from the occurrence of the underlying event (see Steen v Niagara Fire Ins. Co., 89 NY at 324; see also Fabozzi v Lexington Ins. Co., 601 F3d 88, 93 [2d Cir 2010]). Significantly, in shortening the limitations period, the insurance policy did not use the term of art "inception of loss" or other similarly specific language indicating that the limitations period was to be measured from the event giving rise to the claim (see Lobello v New York Cent. Mut. Fire Ins. Co., 152 AD3d 1206, 1209 [2017]; Medical Facilities v Pryke, 95 AD2d 692, 693 [1983], affd 62 NY2d 716 [1984]; compare Proc v Home Ins. Co., 17 NY2d at 244-245). Moreover, although "date of loss" could be reasonably interpreted to mean the date of theft, as defendant contends, ambiguities in an insurance policy must be construed against the insurer (see Lend Lease [US] Constr. LMB Inc. v Zurich Am. Ins. Co., 28 NY3d 675, 682 [2017]; Steen v Niagara Fire Ins. Co., 89 NY at 324; Wangerin v New York Cent. Mut. Fire Ins. Co., 111 AD3d 991, 992 [2013]). In view of the foregoing, we hold that the one-year limitations period set forth in the insurance policy began to run on the date that defendant denied the claim for coverage (see Steen v Niagara Fire Ins. Co., 89 NY at 324-325; Lobello v New York Cent. Mut. Fire Ins. Co., 152 AD3d at 1209; see also Fabozzi v Lexington Ins. Co., 601 F3d at 93). In so holding, we decline to follow the conflicting line of cases cited by defendant in support of its assertion that the "date of loss" is the date of the underlying theft (see e.g. D'Angelo v Allstate Ins. Co., 126 AD3d 931, 931-932 [2d Dept 2015]; Roberts v New York Prop. Ins. Underwriting Assn., 253 AD2d 807, 807 [2d Dept 1998]; Costello v Allstate Ins. Co., 230 AD2d 763, 763 [2d Dept 1996]).
As defendant denied the claim on May 3, 2016 and plaintiff commenced this action within one year of that date, the action was timely commenced and Supreme Court should have denied defendant's pre-answer motion to dismiss. Accordingly, we reverse Supreme Court's order and the complaint is reinstated.
Garry, P.J., Lynch, Aarons and Rumsey, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, motion denied and matter remitted to the Supreme Court to permit defendant to serve an answer within 20 days of the date of this Court's decision.