Anderson v Allstate Ins. Co. (2019 NY Slip Op 02768)





Anderson v Allstate Ins. Co.


2019 NY Slip Op 02768


Decided on April 11, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 11, 2019

527173

[*1]NICOLLE ANDERSON, Appellant,
v
ALLSTATE INSURANCE COMPANY, Respondent, et al., Defendants.

Calendar Date: February 15, 2019

Before: Egan Jr., J.P., Clark, Mulvey, Devine and Aarons, JJ.


Mann Law Firm, PC, Latham (Stephan R. Weiss of counsel), for appellant.
Bowich & Coffey, LLC, Albany (Daniel W. Coffey of counsel), for Allstate Insurance Company, respondent.



MEMORANDUM AND ORDER
Egan Jr., J.P.
Appeal from an order of the Supreme Court (McNally Jr., J.), entered January 18, 2018 in Albany County, which, among other things, granted a motion by defendant Allstate Insurance Company to dismiss the complaint against it.
Plaintiff owns a multiunit residential building in the City of Troy, Rensselaer County that she used for rental income. As owner and landlord of the premises, plaintiff initially obtained an insurance policy from defendant James Mylod, through defendant Jim Mylod Insurance Depot Agency (hereinafter collectively referred to as Mylod), as an agent of defendant Allstate Insurance Company. In 2013, Mylod transferred its book of business to defendant Michael Slovak, and plaintiff subsequently renewed its insurance policy through Slovak. In the fall of 2014, while the subject building was undergoing certain renovations, it was burglarized, resulting in the furnace, hot water heater, plumbing fixtures and copper piping being stolen, and numerous other physical damages being sustained to the interior of the premises.
Plaintiff thereafter filed a claim with Allstate seeking coverage for the damages sustained to the building. On September 18, 2014, Allstate denied the claim citing plaintiff's lack of coverage for theft and water damage. Plaintiff then commenced this action against defendants on October 19, 2016, alleging, as relevant here, that Allstate breached the parties' insurance contract. In lieu of answering, Allstate moved to dismiss the complaint against it claiming, as relevant here, that the action was not timely commenced within the 24-month time limitation provided for in the parties' insurance policy (see CPLR 3211 [a] [5]). Mylod and Slovak each separately moved to dismiss the complaint for failure to state a cause of action (see CPLR 3211 [a] [7]). Supreme Court denied Mylod's and Slovak's motions, but granted Allstate's motion, finding that plaintiff's breach of contract cause of action against Allstate had not been timely commenced. Plaintiff now appeals.
We affirm. Although the statute of limitations period applicable to a breach of contract cause of action is ordinarily six years (see CPLR 213 [2]), it is well settled that parties to a contract may agree, in writing, that any suit be commenced within a shorter period of time (see CPLR 201; Deutsche Bank Natl. Trust Co. v Flagstar Capital Mkts., 32 NY3d 139, 153 [2018]; John J. Kassner & Co. v City of New York, 46 NY2d 544, 550-551 [1979]; Mercedes-Benz Fin. Servs. USA, LLC v Allstate Ins. Co., 162 AD3d 1183, 1184 [2018]). Moreover, the statute of limitations on a breach of insurance contract cause of action generally starts to run on the date that coverage is disclaimed by the insurer (see Ely—Cruikshank Co. v. Bank of Montreal, 81 NY2d 399, 402 [1993]); however, the parties to an insurance contract are likewise free to include distinct language in their agreement demonstrating that they intend for the applicable limitations period to run from the date of the underlying loss as opposed to the date of the disclaimer of coverage (see Mercedes-Benz Fin. Servs. USA, LLC v Allstate Ins. Co., 162 AD3d at 1184-1185; Lobello v New York Cent. Mut. Fire Ins. Co., 152 AD3d 1206, 1208-1209 [2017]).
Allstate's insurance policy specifically provides, in relevant part, that "[n]o suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity . . . unless commenced within [24] months next after inception of the loss." Such "inception of the loss" language has generally been interpreted to mean the date of the underlying loss (see Proc v Home Ins. Co., 17 NY2d 239, 244-245 [1966]; Mercedes-Benz Fin. Servs. USA, LLC v Allstate Ins. Co., 162 AD3d at 1184-1185; Lobello v New York Cent. Mut. Fire Ins. Co., 152 AD3d at 1209). Here, although the date of the underlying burglary is not specifically set forth in the record, Allstate disclaimed coverage on September 18, 2014; thus, the underlying loss clearly occurred prior thereto. Accordingly, inasmuch plaintiff's summons with notice was not filed until October 19, 2016, plaintiff's suit was unquestionably commenced beyond the applicable 24-month limitations period provided for in the contract and, therefore, was untimely.
We are unpersuaded by plaintiff's contention that the doctrine of equitable estoppel precluded plaintiff from enforcing and/or tolled the applicable limitations period. "Equitable estoppel is an extraordinary remedy which applies where a party is prevented from filing an action within the applicable statute of limitations due to his or her reasonable reliance on deception, fraud or misrepresentations by the other" (Pulver v Dougherty, 58 AD3d 978, 979-980 [2009] [internal quotation marks, brackets and citations omitted]; accord City of Binghamton v Hawk Eng'g P.C., 85 AD3d 1417, 1420 [2011], lv denied 17 NY3d 713 [2011]). It was plaintiff's burden to establish her entitlement to equitable estoppel by presenting clear and convincing evidence that Allstate's specific actions and affirmative wrongdoing prevented her from timely commencing suit (see Zumpano v Quinn, 6 NY3d 666, 674 [2006]; Cellupica v Bruce, 48 AD3d 1020, 1021 [2008]; Dombroski v Samaritan Hosp., 47 AD3d 80, 82 [2007]).
In support of her argument, plaintiff contends that she did not have a copy of the parties' insurance policy and, despite numerous requests, Allstate failed to provide a copy of same such that she was unaware of the applicable limitations period provided for therein. Plaintiff's claim, however, is belied by the record, as her own motion papers demonstrate that Allstate did, in fact, provide her with a sample copy of the insurance policy that was in effect on the purported date of loss. Moreover, even assuming that Allstate failed to timely provide a copy of the subject insurance policy, such conduct, standing alone, fails to establish that Allstate willfully withheld disclosure of same, nor does it demonstrate any affirmative deception, fraud or misrepresentations by Allstate intended to prevent plaintiff from filing suit or otherwise "justifiably lull[] [her] into inactivity" (Dombroski v Samaritan Hosp., 47 AD3d at 83 [internal quotation marks and citation omitted]; see Pulver v Dougherty, 58 AD3d at 980). Additionally, to the extent that the limitations period contained in the subject insurance policy served to modify the applicable statute of limitations (see John J. Kassner & Co. v City of New York, 46 NY2d at 550-551), we reject plaintiff's contention that Supreme Court could have extended the subject limitation period, as CPLR 2004 cannot be used to extend a statute of limitations (see CPLR 201; Zayed v New York City Dept. of Design & Constr., 157 AD3d 410, 410 [2018]; Lennox v Rhodes, 39 AD2d 801, 802 [1972]). To the extent not specifically addressed, plaintiff's remaining contention has been reviewed and found to be without merit.
Clark, Mulvey, Devine and Aarons, JJ., concur.
ORDERED that the order is affirmed, with costs.